UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JERMAINE JEVON HOWARD,<br><br>                Plaintiff,<br><br>     -against-<br><br>LUCY PEARL/BEYOND RECORDS;<br>RAPHAEL SAADIQ; DAWN ROBINSON;<br>ALI SHAHEED MUHAMMAD; UGMOE<br>MUSIC,<br><br>                Defendants. | 20-CV-4694 (CM)<br><br>TRANSFER ORDER |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, a resident of Buffalo, New York, brings this *pro se* action under the Court's

diversity jurisdiction, alleging copyright infringement claims. Named as Defendants are Lucy

Pearl/Beyond Records, Raphael Saadiq, Dawn Robinson, Ali Shaheed Muhammad, and Ugmoe

Music, all of whom reside in Beverly Hills, California. For the following reasons, this action is

transferred to the United States District Court for the Central District of California.

## DISCUSSION

Under the general venue provision, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim
occurred . . . ; or (3) if there is no district in which an action may otherwise be
brought as provided in this section, any judicial district in which any defendant is
subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the

person is domiciled. 28 U.S.C. § 1391(c)(1).

For venue purposes, a defendant corporation generally resides "in any judicial district in

which such defendant is subject to the court's personal jurisdiction with respect to the civil action

in question . . ." 28 U.S.C. § 1391(c)(2). Where a state has more than one judicial district, a
defendant corporation generally "shall be deemed to reside in any district in that State within
which its contacts would be sufficient to subject it to personal jurisdiction if that district were a
separate State." 28 U.S.C. § 1391(d).[1]

Copyright infringement claims must be brought "in the district in which the defendant or
his agent resides or may be found." 28 U.S.C. § 1400(a); *Atl. Marine Const. Co., Inc. v. U.S.
Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 56 (2013). Courts have found that a defendant
"may be found [for purposes of § 1400(a)] in any district in which he is subject to personal
jurisdiction." *Boehm v. Zimprich*, No. 13-CV-1031 (PAC), 2013 WL 6569788, at *2 (S.D.N.Y.
Dec. 13, 2013) (collecting cases).

Plaintiff filed this complaint under the Court's diversity jurisdiction, alleging that
Defendants owe him "copyright royalties" for a song that he helped write, which became a hit
single in 2000.[2] Plaintiff lists addresses for Defendants in Beverly Hills, California. Plaintiff,
who resides in Buffalo, New York, does not allege that Defendants reside in this District or are
subject to personal jurisdiction in this District, or that a substantial part of the events or
omissions underlying his claim arose in this District. Accordingly, venue does not appear to be
proper in this District under either § 1391(b)(1) or (2) as to any state law claims, or under
§ 1400(a) as to any copyright claims.

Even if venue were proper here, however, the Court may transfer claims "[f]or the
convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

---

[1] In a state with multiple districts, if there is no such district, "the corporation shall be
deemed to reside in the district within which it has the most significant contacts." 28 U.S.C.
§ 1391(d).

[2] Plaintiff recently filed a complaint asserting similar claims against different defendants.
*See Howard v. Carter*, No. 20-CV-417 (W.D.N.Y. filed Apr. 7, 2020) (pending).

"District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under § 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Beverly Hills, California, where Defendants reside. Beverly Hills is located in Los Angeles County, which falls within the Central District of California. *See* 28 U.S.C. § 84(c). Venue is therefore proper in the Central District of California. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Central District of California. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the United States District Court for the Central District of California. The Clerk of Court is further directed to mail a copy of this order to Plaintiff and note service on the docket. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 22, 2020
         New York, New York

_____
            COLLEEN McMAHON
         Chief United States District Judge